IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAVID VAN ELZEN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**GLOBAL STRATEGY GROUP, LLC,** a New York limited liability company, and **AMERICAN DIRECTIONS RESEARCH GROUP, INC.,** a Washington DC corporation,<br><br>*Defendants.* | Case No. 1:20-cv-03541<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff David Van Elzen ("Van Elzen" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendants Global Strategy Group, LLC ("Global Strategy") and American Directions Research Group, Inc. ("American Directions") to stop Defendants from violating the Telephone Consumer Protection Act by sending unsolicited, autodialed text messages to consumers, and to otherwise obtain injunctive and monetary relief for all persons injured by the conduct of the Defendants. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### INTRODUCTION

1.  When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3). 20. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day.

*In re Rules and Regulations Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

2. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

3. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

4. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 alone, at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that in 2019 robocall totals will exceed 60 billion. *See id*.

5. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

**INTRODUCTION TO GLOBAL STRATEGY GROUP**

6. Global Strategy is a public relations, research, and political polling firm that conducts phone and text message surveys directed to consumers.[1]

7. Global Strategy hired Defendant American Directions to perform a text message blasting campaign to consumers' cell phones without consent to fill out survey responses on decipherinc.com, for which Global Strategy was paid.

8. Such text messages were sent using an automated telephone dialing system ("ATDS" or "autodialer") without any consent from the consumer.

---

[1] https://theotherhudsonvalley.com/2018/06/04/super-pac-pat-ryan-ny/

9. Plaintiff received an autodialed text message to his cellular phone from Defendants regarding a local issue that is presumed to be political in nature.

10. In response to this text message, Plaintiff files this class action lawsuit seeking injunctive relief, requiring Defendants to cease sending unsolicited, autodialed text messages to consumers' cellular telephone numbers, as well as an award of statutory damages to the members of the Class.

## PARTIES

11. Plaintiff Van Elzen is a Menasha, Wisconsin resident.

12. Defendant Global Strategy Group is a New York limited liability company that does business throughout this District and the United States.

13. Defendant American Directions Research Group is a Washington DC corporation doing business in Washington DC and contracting with companies like Global Strategy in New York.

## JURISDICTION AND VENUE

14. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

15. This Court has personal jurisdiction over Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Global Strategy resides in this District, Defendant American Directions does business in this District, and because the wrongful conduct giving rise to this case was directed from this District.

## COMMON ALLEGATIONS

16. Defendant Global Strategy Group, LLC is a public affairs, communications, and research partner for companies and campaigns.

17. As part of their polling process, Global Strategy must reach consumers in order to encourage them to fill out their surveys.

18. Defendant Global Strategy hired Defendant American Directions to perform a text blasting campaign on its behalf as part of an overall campaign to reach consumers' cell phones using text messages.

19. Defendant American Directions operates a large call center to send and process respondents of the text message campaigns.

20. Defendant American Directions discloses on its website that

"ADRG currently maintains numerous interviewing centers, throughout the United States. These facilities house hundreds of interviewing stations, each equipped with the latest in computer-assisted-telephone-interviewing (CATI) software, as well as highly efficient, respondent-friendly *predictive dialing systems*." (emphasis added)[2]

"Defendant American Directions discloses on their "Survey Capabilities" webpage that: Utilizing multiple facilities and all of our state-of-the-art telephony allows our research group to maximize capacity and efficiency for any project in the United States.  Part of the ADRG telephony solutions that support the research group include intelligent, respondent-friendly *predictive dialing systems* that enhance productivity and sample frame penetration."[3]

21. Employees themselves categorize their work that they "auto dial telephone surveys. Some people do not want to be contacted."[4]

---

[2] http://www.adg-research.com/overview\
[3] http://www.adg-research.com/telephone
[4] https://www.glassdoor.sg/Reviews/American-Directions-Group-Reviews-E957380_P2.htm

22.     Plaintiff Van Elzen received this unsolicited text message with a link directing him to fill out a survey on decipherinc.com/survey operated by Defendants.

23.     Defendants use the Decipher platform to conduct their surveys.[5]

24.     There are numerous complaints from other consumers online regarding the same text message Plaintiff Van Elzen received which included language on the survey webpage that said "Survey team at Kalamata research" and provided a phone number 212-235-6200.

25.     In sending the text messages at issue, Defendants used an automatic telephone dialing system; hardware and/or software with the capacity to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to call numbers from pre-loaded lists.  This is evident from the circumstances surrounding the text messages, including the text messages' commercial and generic content, that they were sent without consent, and that they were sent from a phone number that is not in service, which is consistent with the use of an automatic telephone dialing system to send text messages.

26.     Defendants will rely on the fact that individual telemarketers will "log into a database system for a particular texting campaign, manually select a number to be texted, physically review the message to be sent and then click 'send' to initiate the text message." Defendants reliance on a human clicking send is misplaced.

27.     The Second Circuit Court of Appeals in Duran v. LaBoom Disco, Inc. on April 7, 2020 recognized that "*clicking 'send' or some similar button – much like flipping on an 'on' switch – is not the same thing as dialing, since it is not the actual or constructive inputting of numbers to make an individual telephone call or to send an individual text message. Clicking*

---

[5] https://www.linkedin.com/in/rshaughnessy/  and https://www.progressivedatajobs.org/2017/11/09/gsgdatalyst/

*'send' does not require enough human intervention to turn an automatic dialing system into a non-automatic one."*

28.     So too here in this case. On information and belief, Defendants' dialing system can be utilized in a way where call center personnel click "send" in order for text messages to be sent—such actions do not place the dialing equipment outside the scope of the definition of an ATDS.

29.     Defendant Global Strategy directed Defendant American Directions to perform this autodialing text campaign and paid for its services.

30.     There are numerous complaints posted online about the same or similar autodialed text messages that the Plaintiff received from Defendants without his consent. This is a small sampling of those complaints:

- "Hey Donna this is Alex. We're texting voters about local issues. Your opinion matters. Can you take this short survey'
  One problem, Donna does not nor has ever lived her. In fact I don't even know Donna."[6]
- "Unsolicited text message received:
  'We're texting voters about local issues and your opinion matters. Please take this short survey:'
  With a tiny URL and no identification as to the survey company, how to unsubscribe, etc. Reported as spam text due to suspicion of spam/malware. If it's legit they need to do a better job identifyng themselves."[7]
- "4-14-19 at 7:18 pm received unsolicited robotext "from 216 area code possibly Cleveland, OH" advertising the following: Hi this is Albert, We're texting voters about local issues and your opinion matters. Please take this short survey: https://httpslink.com/a114534. DEFINITE SCAM!"[8]
- "On 2/22/2019: spam text to my personal unlisted phone number. They had my name and said "we are texting voters about local issues-please take this short survey" with a link which i did not access. My phone number is not on my voter registration so this is really disturbing"[9]

---

[6] https://www.disboards.com/threads/watch-out-for-this-scam.3706989/
[7] https://800notes.com/Phone.aspx/1-833-568-5686
[8] https://www.numberguru.com/phone/216/446/8447/
[9] http://number.phonecheckers.com/646-506-4615

6

- "Got a text from 833-569-0326 saying to take a survey about local issues. The survey had this number on it. I tried calling but an automated message said that they will not accept calls with blocked caller IDs!! FISHY!!"[10]
- "Same crap here, got an SMS from +1-833-568-9654 with a link to a survey on selfserve.decipherinc.com by "survey team at Kalamata research (212-235-6200)" for "voters about local issues"...except I'm not a registered voter nor the person they addressed to. Personal info sold left and right to all scammers."[11]
- "Same here. Text about a survey for local issues for voters"[12]

**Plaintiff Received an Unsolicited Autodialed Text Message to His Cell Phone**

31. On December 22, 2019, Plaintiff Van Elzen received an autodialed text message on his cell phone from the Defendants using phone number 877-612-1508. The text message stated:

"DAVID, We're texting voters about local issues and your opinion matters. Please click to participate: http://lnk1.net/v1089164."

32. Plaintiff believes this text message was sent *en masse* because the text message was impersonal in nature, and was sent using an autodialer, which enables a sender to send the identical message to thousands of recipients automatically.

33. The caller complaints, referenced above, show that the Defendants consistently sent text messages using the same, or very similar wording.

34. Van Elzen clicked on the link provided in the autodialed text message and was brought to the website address:

https://selfserve.decipherinc.com/survey/selfserve/1f07/191130?list=200&phone=9207023152&vbid=WI-12959124#?.

---

[10] https://800notes.com/Phone.aspx/1-212-235-6200
[11] *Id.*
[12] *Id.*

35. The website indicated the fact that the text was sent on behalf of Kalamata Research with a contact phone number of 212-235-6200.

36. Defendant Global Strategy Group is part-owner of Kalamata Research and, on information and belief, utilized the Kalamata name in the text message campaign at issue.

37. When 212-235-6200 is called, it leads to a voicemail that identifies the company as being Research Survey.

38. 877-612-1508, the phone number the autodialed text message was sent from, is not in service.

39. Other consumers who received the same, or similar text messages from the Defendants have shown online that the text link led to a page identifying the sender as being Kalamata Research:



[13]



---

[13] https://twitter.com/oilgasunicorn/status/1193637479531864065

8



40. Plaintiff has never given Defendant Global Strategy consent to send automated text messages to him.

41. The unauthorized text message that was sent by Defendants, as alleged herein, harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Van

---

[14] https://twitter.com/brooksbrasfield/status/1157816385650778113
[15] *Id.*

9

Elzen's use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

42. The unauthorized text message also wasted Van Elzen's time, which he spent reading and clicking on the link in the text message to see who was responsible for sending the autodialed text message to him.

43. Seeking redress for these injuries, Van Elzen, on behalf of himself and a Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited autodialed text messages to cellular telephones.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claim

44. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Class:

> **Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the date notice is disseminated (1) Defendants text messaged, (2) on the person's cellular telephone number, (3) using a text messaging platform substantially similar to the text messaging platform Defendants used to text message Plaintiff, (4) for whom the Defendants claim (a) they obtained prior express consent in the same manner as the Defendants claim they supposedly obtained prior express consent to text message Plaintiff, or (b) they did not obtain prior express consent.

45. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendants or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons;

and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definition following appropriate discovery.

46. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

47. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) whether the Defendants used an automatic telephone dialing system to send text messages to Plaintiff and the members of the Autodialed No Consent Class;

   (b) whether the Defendants sent the text messages to Plaintiff and the members of the Autodialed No Consent Class without the necessary consent;

   (c) whether Defendants' conduct constitutes a violation of the TCPA; and

   (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

48. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and the Defendants have no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

49. **Appropriateness**: This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class and as a

whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Autodialed No Consent Class)**

50. Plaintiff repeats and realleges paragraphs 1 through 49 of this Complaint and incorporates them by reference.

51. Defendants sent unwanted text messages to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using an autodialer.

52. These text messages were sent *en masse* without the consent of the Plaintiff and the other members of the Autodialed No Consent Class to receive such text messages.

53. Defendants' conduct was negligent, wilful, or knowing.

54. Defendants, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to between $500 and $1,500 for each and every text message.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Van Elzen, individually and on behalf of the Class, prays for the following relief:

a) An order certifying the Class as defined above, and appointing Plaintiff as the representative of the Class and his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d) An injunction requiring Defendants to cease all unsolicited texting activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Van Elzen requests a jury trial.

Respectfully Submitted,

**DAVID VAN ELZEN**, individually and on behalf of those similarly situated individuals

Dated: May 6, 2020

By:   /s/ *Ben Fishman*
Ben Fishman
Wincorn Fishman, LLP
ben@wincornfishman.com
29-28 41st Avenue, 1st Floor
New York, NY 11101
Telephone: (646) 688-3234

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
11 Broadway, Suite 615
New York, NY 10001
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Patrick Peluso*

13

        Woodrow & Peluso , LLC
        Steven L. Woodrow*
        swoodrow@woodrowpeluso.com
        3900 East Mexico Avenue, Suite 300
        Denver, CO 80210
        Telephone: 702.213.0676
        ppeluso@woodrowpeluso.com

*Attorneys for Plaintiff Van Elzen and the putative Class*

*\*Pro Hac Vice motions forthcoming.*