UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID VAN ELZEN,

Plaintiff,

-v-

GLOBAL STRATEGY GROUP, LLC, et al.,

Defendants.

20-CV-3541 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff David Van Elzen brings this putative class action against Defendants Global Strategy Group, LLC and American Directions Research Group, Inc., claiming that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by sending him and others an unsolicited text message survey.  American Directions now moves to dismiss the claim against it for lack of personal jurisdiction under Federal Rules of Civil Procedure 12(b)(2), and Global Strategy moves for a stay pending the Supreme Court's review of *Facebook v. Duguid*, No. 19-511, a TCPA case.  For the reasons that follow, both motions are granted.

## I.       Background

Global Strategy is a New York based public relations and research firm (Dkt. No. 1 ¶¶ 6, 12), and American Directions is a Washington, D.C., based and incorporated firm that conducts telephone interviews and surveys.  (Dkt. No. 1 ¶¶ 13, 20.)  Plaintiff, a Wisconsin resident (Dkt. No. 1 ¶ 11), alleges that Global Strategy retained American Directions to "perform [an] autodialing text campaign."  (Dkt. No. 1 ¶¶ 18, 29.)  He alleges that, as a part of the campaign, he received an unsolicited text message from American Directions on December 22, 2019.  (Dkt. No. 1 ¶ 31.)  The message read, "DAVID, We're texting voters about local issues and your opinion matters.  Please click to participate: http://lnk1.net/v1089164."  (Dkt. No. 1 ¶ 31.)  The

URL directed Plaintiff to a survey prepared by Kalamata Research, which is owned in part by Global Strategy.  (Dkt. No. 1 ¶¶ 34–35.)  Plaintiff alleges that he found the message an "annoyance, nuisance, and invasion of privacy."  (Dkt. No. 1 ¶ 41.)  Plaintiff further alleges that other individuals were similarly aggrieved, after they received messages with near-identical language that linked to the Kalamata Research survey.  (Dkt. No. 1 ¶¶ 30, 39.)

After researching American Directions, Plaintiff found that the firm uses "predictive dialing systems" to conduct its outreach.  (Dkt. No. 1 ¶ 20.)  Plaintiff located a review of American Directions, in which an employee described the firm's work as sending "auto dial telephone surveys."  (Dkt. No. 1 ¶ 21.)  Based on this, the "impersonal . . . nature" of the message he received, and the fact that other individuals had received similar messages, Plaintiff concluded that American Directions had contacted voters *en masse* with an automatic telephone dialing system, in violation of the TCPA.  (Dkt. No. 1 ¶¶ 32, 51.)

Plaintiff filed a complaint against Global Strategy and American Directions on May 6, 2020.  (Dkt. No. 1.)  On July 22, 2020, American Directions moved to dismiss the TCPA claim against it under Rule 12(b)(2) (Dkt. No. 11), and Global Strategy moved for a stay (Dkt. No. 10).  The Court now resolves these motions.

## II.    Legal Standard

### A.    Rule 12(b)(2) Standard

On a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant."  *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005) (quoting *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999)).  Where, as here, there has been no "full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction."  *Id.* (quoting *Bank Brussels*, 171 F.3d at 784).  At this "preliminary

2

stage," a prima facie showing sufficient to defeat a Rule 12(b)(2) motion "may be established solely by allegations" pleaded in good faith. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013) (per curiam) (quoting *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir. 1990)).  The allegations, though, must be more than "conclusory statement[s]"; rather, they must state specific "facts supporting th[e] conclusion" that jurisdiction is proper. *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184 (2d Cir. 1998).

### B.      Standard for Granting a Stay

The Court has inherent power to stay proceedings in an action before it, "pending the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling" of the issues before the Court.  *LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005).  In deciding whether to issue a stay, the Court considers factors such as

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.* (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).

### III.     Discussion

In its motion to dismiss pursuant to Rule 12(b)(2), American Directions argues that the Court lacks personal jurisdiction over it because American Directions is not a New York corporation, does not have a principal place of business in New York, and did not contact Plaintiff in New York.  (Dkt. No. 13 at 4–6.)  In its motion to stay, Global Strategy suggests that *Facebook v. Duguid* could foreclose Plaintiff's TCPA claim, as pleaded.  These arguments are considered in turn.

A.        **Personal Jurisdiction**

To adjudicate a claim, a court must have either "general" or "specific" personal jurisdiction over the defendant.  *See Daimler AG v. Bauman*, 571 U.S. 117, 126–27 (2014). Plaintiff does not suggest that the Court can exercise general jurisdiction over American Directions, a Washington, D.C. corporation.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 924 (2011) (explaining that general jurisdiction exists when a corporation is "fairly regarded as at home" in the forum state).  Instead, Plaintiff contends that the Court has specific jurisdiction.

Establishing specific jurisdiction first requires Plaintiff to show that the forum state's "long-arm statute permits personal jurisdiction."  *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015).  Plaintiff points to § 302(a)(1) of the New York Civil Practice Law and Rules ("N.Y.C.P.L.R."), which states that "a court may exercise personal jurisdiction over any non-domiciliary . . . who . . . [1] transacts any business within the state or [2] contracts anywhere to supply goods or services in the state."  The first prong of this section, Plaintiff argues, is broad enough to cover American Directions because American Directions contracted with Global Strategy, a New York company.  (Dkt. No. 17 at 4.)

A defendant's "ongoing contractual relationship with a New York corporation" weighs in favor of finding the first prong of § 302(a)(1) satisfied.  *AmTrust Fin. Servs., Inc. v. Lacchini*, 260 F. Supp. 3d 316, 331 (S.D.N.Y. 2017).  It is not, however, dispositive of whether a defendant "transacts any business *within* the state" of New York.  N.Y.C.P.L.R. § 302(a)(1) (emphasis added).  An ongoing contractual relationship with a New York corporation is just one of "[s]everal factors" that "should be considered in determining whether an out-of-state defendant" is within the reach of New York's long-arm statute.  *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 22–23 (2d Cir. 2004).  Other relevant factors include:

(ii) whether the contract was negotiated or executed in New York and whether, after executing a contract with a New York business, the defendant has visisted New York for the purpose of meeting with parties to the contract regarding the relationship; (iii) what the choice-of-law clause is in any such contract; and (iv) whether the contract requires [the defendant] to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state.

*Id.* (quoting *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996)).  These factors assist courts in determining whether the "overriding criterion necessary to establish a transaction of business" has been met: that "the defendant purposefully avail[ed] itself of the privilege of conducting activities within New York."  *Ehrenfeld v. Bin Mahfouz*, 9 N.Y.3d 501, 508 (2007) (internal quotation marks, alterations, and citation omitted).

Considering all the factors, and the totality of the circumstances alleged in the complaint, the Court concludes that Plaintiff has not satisfied New York's long-arm statute.   Although Plaintiff alleges the existence of a contract between American Directions and Global Strategy, the complaint does not indicate that the contract is "ongoing," as opposed to a "single, completed agreement."  *Yak v. BiggerPockets, L.L.C.*, No. 19-cv-5394, 2020 WL 5505351, at *5 (S.D.N.Y. Sept. 10, 2020) (holding that short-term and already-completed contracts do not support an exercise of jurisdiction).   The sole factor that Plaintiff relies upon does not cleanly support his case.   Furthermore, the complaint is bereft of allegations regarding the other factors bearing on the first prong of § 302(a)(1), such as where the contract was negotiated and whether it contained a choice-of-law provision.   Finally, any payments arising from the contract presumably would have been sent to American Directions in Washington, D.C., not to New York.   This is insufficient to show that Plaintiff "purposefully availed himself of the benefits and responsibilities of transacting business in[] New York."  *Id.* at *6.

To be sure, many of the details that might have enabled Plaintiff to plead purposeful availment are private information within American Directions and Global Strategy's control. This is why § 302(a)(1) "is typically invoked in breach of contract cases" or cases otherwise between business partners. *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004) (finding § 302(a)(1) satisfied with respect to a trademark action brought by one business partner against another). Actions in tort that are not between business partners generally rely on § 302(a)(1)'s second prong, which applies when the defendant contracted to "supply goods or services in the state." N.Y.C.P.L.R. § 302(a)(1); *see, e.g., Longines-Wittnauer Watch Co. v. Barnes & Reinecke, Inc.*, 15 N.Y.2d 43, 466 (1965) ("[T]he appellant has shipped substantial quantities of its products into this State"). Indeed, in *Schleifer v. Lexus of Manhattan*, a TCPA case, the court held that the plaintiff had "sufficiently made a *prima facie* showing of personal jurisdiction" based on the second prong of § 302(a)(1), not the first prong. No. 17-cv-8789, 2019 WL 4640055, at *4 (S.D.N.Y. Sept. 24, 2019). The court emphasized that the plaintiff was a New York resident and that he had received the complained-of text messages to his personal phone — facts that demonstrated that the defendant "contracted to provide a service in New York and that this service was provided." *Id.* Of course, the TCPA claim here is unlike that in *Schleifer*: Plaintiff is a Wisconsin resident, and he does not allege that he received the complained-of message at a New York number. The second prong of § 302(a)(1) is of no help to Plaintiff.

In sum, American Directions is a Washington, D.C. corporation that contacted a Wisconsin resident. There is no allegation that American Directions provided goods or services in New York, agreed to litigate matters in New York or pursuant to New York law, had personnel enter New York, or even sent solicitations or payments to New York. American

Directions' contacts with New York, as alleged, are too tenuous for New York's long-arm statute to permit personal jurisdiction.  Accordingly, the claim against American Directions is dismissed.

**B.      Whether *Facebook v. Duguid* Warrants Staying the Case**

On July 9, 2020, the Supreme Court granted certiorari on the question whether an "automatic telephone dialing system" ("ATDS"), within the meaning of the TCPA, "encompasses any device that can 'store' and 'automatically dial' telephone numbers, even if the device does not 'us[e] a random or sequential number generator.'"  *Facebook, Inc. v. Duguid*, 141 S. Ct. 193 (mem.) (2020); Petition for Writ of Certiorari at ii, *Facebook, Inc. v. Duguid*, No. 19-511, 2019 WL 5390116 (U.S. Oct. 17, 2019).  Global Strategy argues that the Supreme Court's resolution of this question could be determinative of Plaintiff's TCPA claim and that further proceedings should wait until ATDS is defined.  The Court agrees.

Plaintiff's only claim is that Global Strategy violated the TCPA's prohibition on "using any [ATDS]" to call or text "any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A).  He bases his claim on a text message that he received that was unsolicited but nonetheless addressed to him.  Because the message was addressed to Plaintiff, the Court can only conclude that the technology that sent the message used a list containing the names and numbers of persons to be contacted; had the technology generated Plaintiff's number at random or in sequence, it would have had no way to know it was contacting someone named "DAVID."  If *Facebook v. Duguid* were to establish that a prohibited ATDS must use a random or sequential number generator, it seems unlikely that Plaintiff's TCPA claim would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

The arguments for staying the case are strong.  Global Strategy has a substantial interest in avoiding unnecessary discovery and its concomitant costs.  The Court, too, has an interest in

avoiding the unnecessary expenditure of judicial resources to set a schedule for discovery and

manage any discovery disputes.  Meanwhile, the risk of prejudice to Plaintiff and potential class

members is low.  The Supreme Court has already held oral argument in *Facebook v. Duguid*, and

the only harm that Plaintiff has suffered, and the only future harm that delayed relief may risk, is

the minor "annoyance" of receiving an unsolicited text message.  (Dkt. No. 1 ¶ 41.)  On balance,

a stay is warranted.

## IV.   Conclusion

For the foregoing reasons, American Directions's motion to dismiss pursuant to Rule

12(b)(2) is GRANTED, and Global Strategy's motion to stay the case pending the resolution of

*Facebook v. Duguid* is GRANTED.  This case is hereby stayed pending resolution of that case

by the Supreme Court.

The Clerk of Court is directed to close the motions at Docket Numbers 10, 11, 28, and

29.


SO ORDERED.

Dated: January 19, 2021
       New York, New York

_____
                      J. PAUL OETKEN
                      United States District Judge