**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID VAN ELZEN, individually and on behalf of all others similarly situated, | Case No. 1:20-cv-03541-JPO |
| Plaintiff, | |
| v. | |
| GLOBAL STRATEGY GROUP LLC, a New York limited liability company, and AMERICAN DIRECTIONS RESEARCH GROUP, INC., a Washington DC corporation, | |
| Defendants. | |

## DEFENDANT GLOBAL STRATEGY GROUP LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT WITH PREJUDICE

Debra R. Bernard (admitted *Pro Hac Vice*)
DBernard@perkinscoie.com
**Perkins Coie LLP**
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Telephone:  312.324.8400
Facsimile:  312.324.9400

Jeffrey D. Vanacore, Esq.
JVanacore@perkinscoie.com
**Perkins Coie LLP**
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Tel:  212.262.6900
Fax:  212.977.1642

November 29, 2021

*Attorneys for Global Strategy Group LLC*

154646579.1

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................... 1

II.  BACKGROUND ...................................................................................................... 1

    A.  Procedural History .......................................................................................... 1

    B.  Plaintiff's Allegations ..................................................................................... 2

III.  ARGUMENT ............................................................................................................ 3

    A.  Legal Standard ................................................................................................ 3

    B.  The Complaint Does Not Sufficiently Allege an ATDS under *Facebook* .............. 3

        1.  The Supreme Court Decision in *Facebook* ................................................. 3

        2.  The Allegations in the Complaint Do Not Sufficiently Allege the Use of an ATDS ..................................................................................................... 5

    C.  Dismissal Should Be with Prejudice ................................................................ 8

IV.  CONCLUSION ......................................................................................................... 9

154646579.1

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ACA Int'l v. Fed. Commc'ns Comm'n,*
  885 F.3d 687 (D.C. Cir. 2018) ............................................................................................4

*Allan v. Pa. Higher Educ. Assistance Agency,*
  968 F.3d 567 (6th Cir. 2020), *cert. granted, judgment vacated sub nom. PA
  Higher Educ. Assistance v. Allan*, 141 S. Ct. 2509 ................................................................4

*Bank v. GoHealth LLC,*
  No. 19-cv-5459, 2021 WL 1884671 (E.D.N.Y May 11, 2021) ................................................9

*Barry v. Ally Fin, Inc.,*
  No. 20-12378, 2021 WL 2936636 (E.D. Mich. July 13, 2021) ...............................................7

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ...............................................................................................................6

*Dominguez v. Yahoo, Inc.,*
  894 F.3d 116 (3d Cir. 2018) ...................................................................................................4

*Duran v. LaBoom Disco, Inc,*
  955 F.3d 279 (2d Cir. 2020) .............................................................................................2, 3, 4

*Facebook, Inc. v. Duguid,*
  141 S. Ct. 1163 (2021) .................................................................................................. passim

*Foman v. Davis,*
  371 U.S. 178 (1962) ...............................................................................................................9

*Franco v. Alorica Inc.,*
  No. 20-cv-5035, 2021 WL 3812872 (C.D. Cal. July 27, 2021) ...............................................7

*Gadelhak v. AT&T Servs., Inc.,*
  950 F.3d 458 (7th Cir. 2020) ..................................................................................................4

*Gerrard v. Acara Solutions, Inc.,*
  469 F.Supp.3d 96 (W.D.N.Y. 2020) .......................................................................................9

*Glasser v. Hilton Grand Vacations Co.,*
  948 F.3d 1301 (11th Cir. 2020) ..............................................................................................4

*Goldin v. Smith & Nephew, Inc.,*
  12 Civ 9217 (JPO), 2013 WL 1759575 (S.D.N.Y. Apr. 24, 2013) .........................................6

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Hay v. N.Y. Media LLC,*
No. 20-CV-6135 (JPO), 2021 WL 2741653 (S.D.N.Y. July 1, 2021), *appeal filed*, No. 21-1727 (2d Cir. July 13, 2021) .................................................................9

*J&J Sports Productions, Inc. v. Gomez,*
No. 18-cv-5119, 2019 WL 4744229 (E.D.N.Y. Sept. 29, 2019) ............................................8

*Jovanovic v. SRP Invs. LLC,*
No. CV-21-00393, 2021 WL 4198163 (D. Ariz. Sept. 15, 2021) ........................................7, 8

*Lasher v. Stavis,*
No. 17 CV 6632 (JPO), 2018 WL 2976016 (S.D.N.Y. June 13, 2018)....................................3

*Marks v. Crunch San Diego, LLC,*
904 F.3d 1041 (9th Cir. 2018), *abrogated by Facebook*, 141 S. Ct. 1163 ..............................4

*McEwen v. Nat'l Rifle Ass'n of Am.,*
No. 20-cv-00153, 2021 WL 1414273 (D. Maine April 14, 2021)............................................7

*Mosley v. General Revenue Corp.,*
Civil Action No. 20-cv-01012, 2020 WL 4060767 (C.D. Ill. July 20, 2020).......................6, 8

*Poughkeepsie Waterfront Dev., LLC v. Travelers Indem. Comp.,*
No. 20-CV-4890, 2021 WL 4392304 (S.D.N.Y. Sept. 24, 2021)............................................8

*Sanders v. Sanders,*
No. 20-CV-5621, 2021 WL 4392053 (S.D.N.Y. Sept. 24, 2021)............................................9

*Shcherb v. Angi Homeservices, Inc.,*
No. 19-CV-367, 2019 WL 5538030 (S.D.N.Y. Oct. 25, 2019)...............................................8

*Van Elzen v. Glob. Strategy Grp.,*
LLC, No. 20-CV-3541 (JPO), 2021 WL 185328 (S.D.N.Y. Jan. 19, 2021) ...........................5

*Van Elzen v. Kalamata Research Services LLC.,*
No. 20-0072 (E.D. Wisc.) ........................................................................................................1

*Wilson v. Rater8, LLC,*
No. 20-cv-1515, 2021 WL 4865930 (S.D. Cal. October 18, 2021)..........................................8

**STATUTES**

47 U.S.C. §227.........................................................................................................................1

- iii -

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

47 U.S.C. § 227(a)(1).................................................................................................................4

47 U.S.C. §227(b)(1)(A)(iii)........................................................................................................1

**RULES**

Fed. R. Civ. P. 12(b)(6)..............................................................................................................3

## I.      INTRODUCTION

This case is a putative class action against Global Strategy Group LLC ("GSG") alleging that GSG violated the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. §227 et.seq.) by sending a single text message to Plaintiff which Plaintiff alleges was sent using an automatic telephone dialing system ("ATDS") without Plaintiff's prior express consent. Plaintiff's Complaint consists of a single count alleging a violation of 47 U.S.C. §227(b)(1)(A)(iii). In *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), the Supreme Court confirmed that a plaintiff cannot state a claim for violation of the ATDS prohibition in the TCPA by alleging that his phone number was called from a stored list unless Plaintiff can demonstrate that the number was stored or produced using a random or sequential number generator. *Facebook*, 141 S. Ct. at 1173. For the reasons set forth herein, it is respectfully requested that this Court dismiss Plaintiff's Complaint with prejudice.

## II.      BACKGROUND

### A.      Procedural History

On January 15, 2020, Plaintiff filed a class action against Kalamata Research Services LLC ("Kalamata") and Global Marketing Research Services, Inc. in the Western District of Wisconsin in connection with the same text message at issue in this case. (*Van Elzen v. Kalamata Research Services LLC.*, No. 20-0072 (E.D. Wisc.) ("Wisconsin Lawsuit")).[1] On February 28, 2020, pursuant to Plaintiff's Notice of Dismissal, that case was dismissed without prejudice. (Wisconsin Lawsuit at Dkt. 9). On May 6, 2020, Plaintiff filed this action against GSG and American Directions Research Group, Inc. ("ADRG") alleging identical conduct as that alleged in the Wisconsin Lawsuit. On July 22, 2020, ADRG filed a motion to dismiss for lack of personal jurisdiction and for failure to adequately allege the use of an ATDS, or in the alternative to stay. GSG filed a motion to stay based on *Facebook v. Duguid,* No. 19-511 then pending in the United States Supreme Court. (Dkt. 10). On January 19, 2021, this Court granted ADRG's

---

[1] GSG was previously a member of Kalamata which has since been dissolved.

motion to dismiss finding a lack of personal jurisdiction and granted GSG's motion to stay as

well. (Dkt. 30). On April 1, 2021, the Supreme Court issued its decision in the *Facebook* case.

Accordingly, this Court has now lifted the stay and the case is proceeding.[2]

**B.      Plaintiff's Allegations**

GSG is a public relations, research and political polling firm that conducts phone and text

message campaigns to [constituents]. Compl. ¶6.[3] GSG hired ADRG to perform the text message

campaign at issue. Compl. ¶7. The Complaint alleges that on December 22, 2019, Plaintiff

received the following text message:

> DAVID, We're texting voters about local issues and your opinion
> matters. Please click to participate: http://lnk1.net/v1089164.

Plaintiff alleges that this message was sent without his consent in violation of the TCPA.

There are no allegations that Plaintiff received any other text messages. The Complaint further

alleges that GSG "used an automatic telephone dialing system; hardware or software with the

capacity to store or produce cellular telephone numbers to be called, using a random or

sequential number generator, and/or to call numbers from pre-loaded lists." Compl. ¶25. Plaintiff

further claims that the use of an ATDS "is evident from the circumstances surrounding the text

messages,[4] including the text messages' commercial and generic content, that they were sent

without consent, and that they were sent from a phone number that is not in service, which is

consistent with the use of an automatic telephone dialing system to send text messages." *Id.*

Plaintiff also cites to the Second Circuit decision in *Duran v. LaBoom Disco*, *Inc*, 955 F.3d 279,

287 (2d Cir. 2020) alleging that *Duran* supports Plaintiff's allegations that in this case, there was

not enough human intervention so as not to be considered an ATDS. Compl. ¶27.[5]  However, the

---

[2] GSG filed a Motion to Stay prior to filing any responsive pleading.
[3] The Complaint uses the term "consumers" and "telemarketers" throughout while also acknowledging that the message received by Plaintiff was political in nature, not commercial and GSG was not a "telemarketer."
[4] As noted, Plaintiff alleges that he only received **one** text message. Compl. ¶31.
[5] GSG had previously filed a motion to dismiss which cited to and attached a declaration of ADRG which had been provided to GSG by ADRG and which GSG then provided to Plaintiff. However, ADRG, no longer a party to this case, requested that GSG withdraw the declaration and, accordingly, GSG withdrew both the previously filed motion and declaration. In any event, even without the allegations based on the declaration, for the reasons set forth herein, Plaintiff's complaint does not sufficiently allege that an ATDS was used to send Plaintiff the text message.

Supreme Court decision in *Facebook* abrogated the *Duran* decision and thus, Plaintiff's reliance on it should be disregarded.

### III.    ARGUMENT

Based on the allegations in the Complaint, the decision in *Facebook* is clearly dispositive and Plaintiff's Complaint should be dismissed with prejudice.

### A.    Legal Standard

A Rule 12(b)(6) motion challenges the legal sufficiency of the Complaint. As this Court has recognized, it is well established that:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] judge ruling on a defendant's motion to dismiss a complaint 'must accept as true all of the factual allegations contained in the complaint.'" *Twombly*, 550 U.S. at 572 (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)). And while "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, courts must draw "all inferences in the light most favorable to the non-moving party[ ]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

*Lasher v. Stavis,* No. 17 CV 6632 (JPO), 2018 WL 2976016, at *1 (S.D.N.Y. June 13, 2018).

As set forth herein, Plaintiff's Complaint contains no more than "threadbare" and conclusory allegations regarding the elements of the TCPA claim and clearly does not allege an actionable claim under *Facebook*. Even drawing inferences in favor of Plaintiff, his Complaint cannot stand and should be dismissed.

### B.    The Complaint Does Not Sufficiently Allege an ATDS under *Facebook*

### 1.    The Supreme Court Decision in *Facebook*

The U.S. Supreme Court recognized in the *Facebook* opinion that the TCPA was enacted in 1991 to address problems stemming from use of specific technology referred to as an ATDS. *Facebook*, 141 S. Ct. at 1167. The term ATDS is statutorily defined to cover the type of

technology that Congress was concerned about in 1991, namely, "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

Despite its brevity, the ATDS definition had, prior to *Facebook*, been the subject of much debate after the D.C. Circuit exercised its authority under the Hobbs Act to set aside the FCC's prior interpretations of the term. *See ACA Int'l v. Fed. Commc'ns Comm'n*, 885 F.3d 687, 695 (D.C. Cir. 2018). Starting in 2018, the circuits split over the definition. The Third, Seventh, and Eleventh Circuits concluded that a system that automatically dials telephone numbers from a stored list is not an ATDS because the definition hinges on generation of random or sequential phone numbers. *See Dominguez v. Yahoo, Inc*., 894 F.3d 116, 121 (3d Cir. 2018) (holding that ATDS prohibition is triggered by "generating random or sequential telephone numbers and dialing those numbers"); *Gadelhak v. AT&T Servs., Inc.,* 950 F.3d 458, 468 (7th Cir. 2020) ("We . . . hold that the phrase 'using a random or sequential number generator' describes how the telephone numbers must be 'stored' or 'produced.'"); *Glasser v. Hilton Grand Vacations Co*., 948 F.3d 1301, 1307 (11th Cir. 2020) (interpreting ATDS as "covering devices that randomly or sequentially generated telephone numbers and dialed those numbers, or stored them for later dialing"). The Second, Sixth, and Ninth Circuits adopted a broader definition, concluding that systems that automatically dial numbers from stored lists (like customer lists) can be an ATDS even if they do not use a random or sequential number generator. *See Allan v. Pa. Higher Educ. Assistance Agency*, 968 F.3d 567, 570 (6th Cir. 2020) (interpreting ATDS to cover Avaya Proactive Contact system that "create[d] calling lists based on a stored list of numbers"), *cert. granted, judgment vacated sub nom*. *PA Higher Educ. Assistance v. Allan*, 141 S. Ct. 2509, and *abrogated by Facebook*, 141 S. Ct. 1163; *Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 287 (2d Cir. 2020) (interpreting ATDS to cover "ExpressText and EZ Texting programs" that could automatically "call numbers from stored lists, such as those generated, initially, by humans"), *cert. granted, judgment vacated*, 141 S. Ct. 2509 (2021), and *abrogated by Facebook*, 141 S. Ct. 1163; *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1048 (9th Cir. 2018) (interpreting

- 4 -

ATDS to cover a "Textmunication system" that "automatically sen[t] the desired messages to . . . stored phone numbers at a time scheduled by the client"), *abrogated by Facebook*, 141 S. Ct. 1163.

The Supreme Court in *Facebook* resolved this split finding that "Congress' definition of an [ATDS] requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." 141 S. Ct. at 1170. As a result of this resolution of the circuit split over the ATDS definition, a TCPA plaintiff can no longer state a claim by alleging that a defendant automatically placed a call to a phone number on a stored list of phone numbers; rather, a TCPA plaintiff must plausibly allege that his phone number was randomly or sequentially generated. *See id.* (holding that claims against Facebook should be dismissed because the Plaintiff did not allege that his phone number was randomly or sequentially generated and the ATDS "definition excludes equipment like Facebook's login notification system, which does not use such technology").

### 2. The Allegations in the Complaint Do Not Sufficiently Allege the Use of an ATDS

In connection with the ruling on GSG's Motion to Stay, this Court was prescient on what the Supreme Court might hold in the *Facebook* case noting that depending on the ruling, Plaintiff's Complaint might not survive a motion to dismiss:

> Because the message was addressed to Plaintiff, the Court can only conclude that the technology that sent the message used a list containing the names and numbers of persons to be contacted; had the technology generated Plaintiff's number at random or in sequence, it would have no way to know that it was contacting someone named "DAVID." If *Facebook v. Duguid* were to establish that a prohibited ATDS must use a random or sequential number generator, it seems unlikely that Plaintiff's TCPA claim would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

*Van Elzen v. Glob. Strategy Grp., LLC*, No. 20-CV-3541 (JPO), 2021 WL 185328, at *4 (S.D.N.Y. Jan. 19, 2021).

And now in fact, it is clear that Plaintiff's Complaint cannot survive a motion to dismiss. Indeed, as noted above, the *Facebook* decision found, as this Court anticipated it might, that to

- 5 -

constitute an ATDS, the system must use a random or sequential number generator. With respect to the allegations that the system used to send the text message had the "capacity to store or produce numbers using a random or sequential number generator," Plaintiff's Complaint alleges nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" which are inadequate to state a claim. *Twombly*, 550 U.S. at 555. Moreover, the allegations must arise above a "speculative level." *Goldin v. Smith & Nephew, Inc.*, 12 Civ 9217 (JPO), 2013 WL 1759575, at *2 (S.D.N.Y. Apr. 24, 2013).

Applying these well-established principles, in granting a motion to dismiss where the allegations were insufficient to allege an ATDS, the court in *Mosley v. General Revenue Corp.*, Civil Action No. 20-cv-01012, 2020 WL 4060767, at *4 (C.D. Ill. July 20, 2020), held that "while the Plaintiff need not have advanced technical knowledge of the devices GRC [defendant] used, there still must be some basis in the pleading which raises the ATDS claim from speculative to plausible. To claim that GRC *might* have used a device that *might* have the capacity to randomly or sequentially generate numbers is clearly speculation." (emphasis in original).

Here, as in *Mosley*, the Complaint fails to state a claim. Plaintiff's allegations that GSG used an ATDS that is, "hardware and/or software *with the capacity* to store or produce cellular telephone numbers to be called, using a random or sequential number generator, and/or to call numbers from pre-loaded lists" (Compl. ¶25; emphasis added) fail as a matter of law under *Facebook*. Capacity is simply not enough.[6] The Supreme Court held that "the definition of an autodialer requires that *in all* cases, whether storing or producing numbers to be called, the equipment in question must *use* a random or sequential number generator." *Facebook*, 141 S. Ct. at 1170. (emphasis added). Plaintiff alleges nothing more than a "capacity" (in a wholly

---

[6] Plaintiff's additional allegations that the text message had "commercial and generic content," was sent without consent, and was sent from a telephone number that is not in service, have nothing to do with whether the system used a random or sequential number generator to store or produce numbers. Under *Facebook*, these allegations are not relevant.

conclusory way) and does not allege that Defendant used that capacity.[7]

Further Plaintiff does not allege that the number to which the text message was sent was *actually* randomly or sequentially generated. Nor is there any factual basis to allege such use. Hence, Plaintiff's claim fails and should be dismissed with prejudice.

It is notable that many of the cases where the courts considered the sufficiency of allegations in TCPA cases post-*Facebook*, found that the complaints should be dismissed based the Court's reasoning in *Facebook. See, e.g., McEwen v. Nat'l Rifle Ass'n of Am.,* No. 20-cv-00153, 2021 WL 1414273, at *7 (D. Maine April 14, 2021) (after the *Facebook* opinion, "the ATDS portion of a claim requires an allegation that InfoCision *used* a random or sequential number dialer to place a call to Plaintiff's cell phone, *not merely a claim that its dialing system has that capacity*") (emphasis added); *Barry v. Ally Fin, Inc.,* No. 20-12378, 2021 WL 2936636, at *4 (E.D. Mich. July 13, 2021) (where the court rejected plaintiff's argument that she needed to only show the capacity even though it was not used to make the calls noting that "accepting the plaintiff's argument would 'have the effect of imposing liability on a defendant whenever it has such a system, with admittedly no nexus to the alleged harm to the plaintiff'" and dismissed the complaint *with prejudice*). Significantly, in *Franco v. Alorica Inc.,* No. 20-cv-5035, 2021 WL 3812872, at *3 (C.D. Cal. July 27, 2021), the Court granted defendant's motion for judgment on the pleadings on Plaintiff's TCPA claim holding that even when a defendant randomly makes calls from a curated list, it is not randomly or sequentially *generating* phone numbers and, therefore does not meet the definition of an ATDS.  Moreover, the allegations that the message was targeted to Plaintiff, was sent with a long code, and that Plaintiff was only sent one message "make it less plausible that Defendants used an ATDS." *Jovanovic v. SRP Invs. LLC,* No. CV-21-00393, 2021 WL 4198163, at*4 (D. Ariz. Sept. 15, 2021).  In *Jovanovic*, the Court held that

---

[7] Notably, Plaintiff also cites to portions of the ADRG website which describes "interviewing centers" and "interviewing stations" which use a "predictive dialer." (Compl. ¶20). However, these allegations have nothing to do with the text message platform presumably used by ADRG. The Complaint also includes blatantly hearsay statements from various websites regarding complaints about unrelated text messages which should be wholly disregarded. (Compl. ¶¶ 30, 39).

Plaintiff's allegations that the text message included the "Reply Stop" command, that Plaintiff was never Defendants' customer, never provided his phone number and never gave his prior express consent to receive text messages were "insufficient for the Court to reasonably infer beyond a 'sheer possibility' that Defendants used an ATDS to send the text message." 2021 WL 4198163, at *3.

In an effort to avoid the import of *Facebook*, Plaintiff will likely argue, that it is *possible* that the technology *might store* numbers that were randomly or sequentially generated. However, there are absolutely no facts alleged to support this theory and such speculation is insufficient to support the claim. *See Mosley, supra.* At best, Plaintiff has merely "parroted" the statutory language and the Complaint contains "no other factual content in support of this naked assertion." *Shcherb v. Angi Homeservices, Inc.*, No. 19-CV-367, 2019 WL 5538030, at *1 (S.D.N.Y. Oct. 25, 2019); *J&J Sports Productions, Inc. v. Gomez,* No. 18-cv-5119, 2019 WL 4744229, at *7 (E.D.N.Y. Sept. 29, 2019) (the court dismissed the complaint where plaintiff's allegations did nothing more than "parrot[] the statutory requirements" and the complaint only contains "legal conclusions couched as…factual allegations." (citations omitted); *Wilson v. Rater8, LLC*, No. 20-cv-1515, 2021 WL 4865930, at *2 (S.D. Cal. October 18, 2021) (Plaintiff's allegations parrot the TCPA's statutory text). Likewise, in this case, the Complaint is devoid of any facts to support its legal conclusions. Indeed, as this Court noted, the text message was specifically targeted to Plaintiff and identifies him by name. The fact that the same or a similar message may be addressed to others is irrelevant to this analysis. Thus, the Complaint should be dismissed on this basis as well.

**C.    Dismissal Should Be with Prejudice**

Plaintiff cannot amend his Complaint to allege that his phone number was randomly or sequentially generated in light of his allegations that his number was specifically targeted to Plaintiff. Nor can Plaintiff amend his Complaint to escape the fact that his claims are barred by the decision in *Facebook*. Thus, the problems with Plaintiff's claims are "substantive and "better pleading will not cure them" and the Court may deny leave to amend. *Poughkeepsie Waterfront*

- 8 -

*Dev., LLC v. Travelers Indem. Comp.,* No. 20-CV-4890, 2021 WL 4392304, at \*3 n.5 (S.D.N.Y. Sept. 24, 2021). *See also, Bank v. GoHealth LLC,* No. 19-cv-5459, 2021 WL 1884671, at \*13 (E.D.N.Y May 11, 2021) (TCPA claims dismissed with prejudice as the problem with the claims were "substantive" post-*Facebook*); *appeal filed,* No. 21-1287 (2d Cir. May 17, 2021); *Gerrard v. Acara Solutions, Inc.*, 469 F.Supp.3d 96, 99-100 (W.D.N.Y. 2020) (same). Accordingly, dismissal here should likewise be with prejudice because any amendment would be futile. *See also Foman v. Davis,* 371 U.S. 178, 182 (1962) (holding that dismissal with prejudice may be warranted due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."); *Sanders v. Sanders,* No. 20-CV-5621, 2021 WL 4392053, at \*13 (S.D.N.Y. Sept. 24, 2021) (complaint dismissed with prejudice as amendment would futile; *Hay v. N.Y. Media LLC,* No. 20-CV-6135 (JPO), 2021 WL 2741653, at \* 2 (S.D.N.Y. July 1, 2021) (where this Court noted that an amendment is futile if the amended pleading will not withstand a motion to dismiss), *appeal filed*, No. 21-1727 (2d Cir. July 13, 2021). For the foregoing reasons, dismissal with prejudice is appropriate here.

## IV.    CONCLUSION

Plaintiff's Complaint wholly fails to allege *any* facts to avoid the impact of the *Facebook* decision. Plaintiff cannot survive a motion to dismiss based on his allegations nor given his allegations can he amend the Complaint to sufficiently state a claim. Accordingly, the Complaint should be dismissed with prejudice.

**Respectfully submitted,**

**PERKINS COIE LLP**

Dated:  November 29, 2021

By*: /s/ Debra R. Bernard*

Debra R. Bernard (admitted *Pro Hac Vice*)
DBernard@perkinscoie.com

**Perkins Coie LLP**
131 S. Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
Telephone:  312.324.8400
Facsimile:  312.324.9400


Jeffrey D. Vanacore, Esq.
JVanacore@perkinscoie.com
**Perkins Coie LLP**
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Tel:  212.262.6900
Fax:  212.977.1642

*Attorneys for Global Strategy Group, LLC*

### <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on November 29, 2021, she caused the foregoing

to be served to the counsel of record listed below via the Court's ECF system:

Patrick Peluso
Steven L. Woodrow
Woodrow & Peluso , LLC
swoodrow@woodrowpeluso.com
ppeuluso@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, CO 80210


*/s/ Debra R. Bernard*_____
Debra R. Bernard

154646579.1